**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**REGIONS BANK,**

            **Plaintiff,**

**-vs-**                                               **Case No. 6:09-cv-1645-Orl-28DAB**

**RA. INVESTMENT HOLDINGS, INC.,
GRANT-ALLAN ENTERPRISES, INC.,
WILLIAM ALLAN, RUSSELL ALLAN,**

            **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **VERIFIED MOTION FOR SUMMARY JUDGMENT** (Doc. No. 22)
>
> **FILED:** January 13, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On September 29, 2009, Plaintiff Regions Bank filed suit against Defendants RA. Investment Holdings, Inc. and Grant-Allan Enterprises, Inc. (collectively the "Borrower"), and William Allan and Russell Allan (collectively the "Guarantors") to foreclose on real and personal property, and to enforce two guaranties. Doc. No. 1. Regions Bank filed its Verified Motion for Summary Judgment on January 13, 2010. Doc. No. 22. Regions Bank has filed Proofs of Service executed in October 2009 for all four Defendants. Doc. Nos. 5, 8-10.

Based on the foregoing allegations, Regions Bank alleged four substantive claims against the Defendants in the Complaint. Count I asserted a claim of foreclosure against the Borrower. Count II sued the Borrower on the promissory note; Counts III and IV sued the Guarantors W. Allan and R. Allan on their guarantees. Doc. No. 1. The Defendants have failed to respond to the Complaint. The matter is now ripe for resolution.

**ANALYSIS**

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise properly appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). Service of the Defendants in this case was proper.

Federal Rule of Civil Procedure 55(a) provides that if a party fails to plead or otherwise defend as provided by the rule, the clerk shall enter default upon the appropriate showing. Fed. R. Civ. P. 55(a). Under Federal Rule of Civil Procedure 4(e)(1), service of a federal Complaint is accomplished in accordance with the procedure for service under the applicable state law:

> **(e) Service Upon Individuals Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual – other than a minor, an incompetent person,, or a person whose waiver has been filed – be served in a district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . .

Fed. R. Civ. Pro. 4(e)(1). Service of process on R. Allan was made on him personally. Doc. No. 9. Service on W. Allan was made on him through his spouse at his residence. Doc. No. 10. Service on Grant-Allan Enterprises, Inc. was made on the registered agent. Doc. No. 5. Service on RA Investment Holdings, Inc. was made pursuant to Florida Statute § 48.081(3)(a), which allows process

to be served on the registered agent, however, if service cannot be made on a registered agent because of failure to have a registered agent available in the office during 10 a.m. to 12 noon each day, service of process shall be permitted on any employee at the corporation's principal place of business. *See SunTrust Bank v. Electronic Wireless Corp*, 23 So.3d 774, 776-77 (Fla. 3rd DCA 2009) (citing Fla. Stat. § 48.091(2)). In this case, service was made on Ruth Leon as the office administrator for RA Investment Holdings, Inc. at 11:00 a.m. Doc. No. 8.

The Defendants failed to timely respond to the Verified Complaint, and on December 4, 2009, Regions Bank filed a Request for Entry of Default with respect to all of the Defendants. Doc. No. 18. Upon motion of Regions Bank, the Clerk entered default against all Defendants on December 7, 2009. Doc. No. 21. On January 13, 2010, Regions Bank filed its verified motion for a summary judgment to foreclose on the real and related personal property and to enforce the guaranty agreements against the Defendants. Doc. No. 22.

The Court finds that the Defendants' failure to timely respond to the Complaint and subsequent entry of default against them serve to admit the well pleaded allegations of Plaintiffs' Complaint, including Regions Bank's foreclosure claim and claims to enforce the promissory note, guaranties, and related agreements, as well as for fees and costs incurred. *See, e.g.*, *Buchanan v. Bowman,* 820 F.2d 359 (11th Cir. 1987) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact.").

*A. Factual Background*[1]

On March 14, 2007, Regions Bank, the Borrower and the Guarantors entered into a $2,000,000 loan agreement (the "Loan Agreement") and Promissory Note, Mortgage and Security Agreement

---

[1] Throughout the text, capitalized terms are defined in the documents to which they refer, each filed as Exhibits to the Complaint. Doc. No. 1 through Doc. No. 1-3.

which granted a security interest[2] in (a) certain real property as described therein (the "Real Property") and (b) a security interest in certain personal property as defined therein (the "Personal Property"). Doc. No. 1, Ex. A, B, C. The Borrower also executed a Collateral Assignment of Leases, Rents and Contract Rights, which granted Regions Bank a security interest in certain personal property interests, including certain assigned leases, rents and all other contracts, permits, payments or guarantees payable under the leases[3]. Doc. No. 1, Ex. D.

To further secure the obligations under the Promissory Note and other loan documents, the Borrower also executed an Assignment of Permits, Final Plans and Specifications, Agreements, Approvals, Trade Names, Fees, Deposits and Associated Documents, in which Borrower granted Regions Bank a security interest in all Permits, all Deposits, all trade names related to the Real Property owned or used by Borrower, all final plans and specifications owned or used by Borrower, and all associated construction documents related to the Real Property (collectively, the "Permits, Deposits, Trade Names and Related Rights"). Doc. No. 1, Ex. E. Both Guarantors also executed Guaranty Agreements which unconditionally guaranteed to Regions Bank that all outstanding sums stated in the Note to be payable by Borrower would be promptly paid as due and payable (whether at the time of payment of any interest or principal amount or at maturity or any date fixed for prepayment or by acceleration), and that Borrower would perform and observe each and every covenant, agreement term and condition in the Mortgage and the Loan Agreement. Doc. No. 1, Ex. F & G.

---

[2]The Mortgage was recorded at Official Records Book 09180, Page 4803 of the Public Records of Orange County, Florida.

[3]The Assignment of Rents and Contracts was recorded at Official Records Book 09180, Page 4823 of the Orange County, Florida Public Records. Doc. No. 1, Ex. D.

The Borrower also granted a security interest to Regions Bank in certain property described in financing statements have been filed or recorded in connection with the Loan: (a) on March 15, 2007, a financing statement naming Regions Bank as secured party and Borrower as debtor was filed at File No. 200705047006 with the Florida Secured Transaction Registry; and (b) on March 27, 2007, a financing statement naming Regions Bank as secured party and Borrower as debtor was recorded at Official Records Book 09180, Page 4836 of the Public Records of Orange County, Florida; (collectively, the "Financing Statements"). Doc. No. 1, Ex. H.

On May 16, 2008, Regions Bank, the Borrower and the Guarantors entered into an Amendment to the Loan Agreement ("Amended Loan Agreement") which amended the Original Loan Agreement to provide for Borrower's assignment to Regions Bank of all of its right, title and interest in the Real Estate Purchase Agreement for the sale of the Lake Reams Property between Borrower, as the seller, and Douglas Development Services, Inc., as the purchaser. The Amended Loan Agreement provided that upon the Borrower's sale of the Lake Reams Property, Borrower would immediately make a principal reduction payment to pay down the Regions Bank Loan by the lesser of (i) all principal, accrued interest, costs and fees due under the documents evidencing the Loan, or (ii) one hundred percent (100%) of the net sales proceeds. Doc. No. 1, Ex. I. Also on May 16, 2008, Borrower and Regions Bank entered into a Collateral Assignment of Real Estate Purchase Agreement, in which Borrower granted Regions Bank a security interest in the Purchase Agreement Rights between Borrower and Douglas Development Services, Inc. dated May 31, 2007 Doc. No. 1, Ex. J. Collectively these items served as "Collateral" for the Loan and Note: the Real Property; Personal Property; Rents and Other Rights; Permits, Deposits, Trade Names and Related Rights; Financing Statement Collateral; and the Purchase Agreement Rights. Regions Bank owns and holds the following "Loan Documents" including: the Original Loan Agreement, Note, Mortgage, Assignment

of Rents and Contracts, Assignment of Permits and Other Rights, the W. Allan Guaranty, R. Allan Guaranty, the Financing Statements, Amended Loan Agreement and the Assignment of Real Estate Purchase Agreement.

*B. Facts Related to the Default Judgment*

Because default has been properly entered against the Defendants, they are deemed to have admitted the allegations made in Regions Bank's Verified Complaint, *i.e.*, Counts I, II, III, and IV. *See* Doc. No. 1. The Borrower failed to pay the entire principal balance of the Loan plus all accrued interest on July 14, 2009, the maturity date of the Loan, thus, the Borrower defaulted under the terms of the Loan Documents, including the Note and Mortgage (the "Default"). On July 23, 2009, Regions Bank sent Borrower and Guarantors written notice that the Default occurred under the Loan Documents, and declared, among other things that (i) the total unpaid principal indebtedness and accrued interest under the Note, and all other amounts due under the Loan Documents, was immediately due and payable; (ii) if the payment in full of all outstanding indebtedness under the Note was not made by August 10, 2009, Regions Bank would charge interest at the Past Due Rate (as defined in the Loan Agreement); (iii) Regions Bank would pursue any and all rights and remedies available under the Loan Documents; (iv) demand was made to secure, preserve and protect the Real Property and Personal Property from and against all acts of vandalism, theft, and other acts of mischief in order to maintain such property in good order, condition, and repair as required by the Mortgage and other Loan Documents; and that (v) if the Note was not paid in full on August 10, 2009, demand was made for the immediate payment of all rents, income and profits from the Real Property and Personal Property in Borrower's possession or control at such time and all rents, income and profits collected from such day forward. Doc. No. 1, Ex. K.

Regions Bank is entitled to summary judgment of foreclosure as a matter of law against Defendants RA. Investment and Grant-Allan under Count I of the Verified Compliant, because Defendants RA. Investment and Grant-Allan caused or permitted the Default to occur under the Loan Documents. Under Article V, Section 1 of the Loan Agreement, the "Borrower's failure to make any payment required by the Note within fifteen (15) days after the same is due, without notice or demand" is an "Event of Default." Doc. No. 1, Ex. A (Loan Agreement at 15). Pursuant to Section 2.2(a) of the Mortgage, a default shall have occurred under the Mortgage if "The [Borrower] shall fail to pay in full within fifteen (15) days of when due any installment of principal, interest, or late charges as required by the Note, this Mortgage or otherwise." Doc. No. 1, Ex. C (Mortgage at 10).

Under Article VI, Section 1 and 2 of the Loan Agreement, upon an "Event of Default," Regions Bank may:

> Declare all amounts previously advanced to Borrower hereunder or under the Note, and all interest accrued and unpaid thereon, and all other obligations evidenced or secured by this Agreement, the Note or the other Loan Documents, to be immediately due and payable without presentment, demand, protest or further notice of any kind (all of which hereby are expressly waived), and Regions Bank may thereupon institute proceedings to collect the same and/or foreclose the Mortgage. . . .[And] exercise its rights and remedies under the Note and under any of the other Loan Documents, including the Security Documents, in accordance with their terms.

Doc. No. 1, Ex. A (Loan Agreement at 15-17).

According to Section 2.6 of the Mortgage, upon a default under the Mortgage: "the whole debt secured by this Mortgage, with all interest thereon, and all other amounts hereby secured shall, at the option of Mortgagee, become immediately due and payable, and may forthwith or at any time thereafter be collected by suit at law, foreclosure of or other proceeding upon this Mortgage or by any other proper, legal or equitable procedure without declaration of such option and without notice." Doc. No. 1, Ex. C (Mortgage at 13)

The Borrower caused or permitted the Default to occur under the Loan Documents, including the Loan Agreement and the Mortgage, which constituted an Event of Default under Article V, Section of the Loan Agreement and a default under Section 2.2(a) of the Mortgage. According to Article VI, Sections 1 & 2 of the Loan Agreement Mortgage, Regions Bank has a right to foreclose the Collateral as requested in Count I of the Verified Complaint. Therefore, Plaintiff Regions Bank is entitled to a Final Judgment of Foreclosure as against Defendants RA. Investment and Grant-Allan with respect to Count I of the Verified Complaint.

Regions Bank is also entitled to a summary judgment against RA. Investment and Grand-Allan for damages incurred by Regions Bank under the Note. Borrower caused a default to occur under the payment terms of the Note by allowing the Default to occur, in that the Borrower failed to pay the entire principal balance of the Loan plus all accrued interest on the Maturity Date of July 14, 2009. Section C of the Note requires "[t]he entire principal balance of the Loan plus all accrued interest shall be due and payable in full twenty-four (24) months from the date of closing [*i.e.*, March 14, 2007], unless otherwise accelerated in accordance with the terms and conditions herein." Doc. No. 1, Ex B. (Note at 1-2). Under Section H of the Note:

> Should any default occur in the payment as stipulated above of either the interest or the principal, and continue for fifteen (15) days thereafter, then and in that event, the principal of this Note or any unpaid part thereof and all accrued interest thereon shall, in the sole discretion of Regions Bank, at once become due and payable and may be collected forthwith without notice to the undersigned, regardless of the stipulated date of maturity.

Doc. No. 1, Ex. B (Note at 2).

Regions Bank is also entitled to summary judgment of damages as a matter of law on Counts III and IV for breach of the Guaranties of W. Allan and R. Allan. In Section 1 of each of the

Guaranties[4], "[u]pon Borrower's failure to perform or observe any covenant, agreement, term or condition in the Note or the Mortgage or the Loan Agreement to be performed or observed by Borrower, Guarantor will promptly perform and observe the same or cause the same promptly to be performed or observed."  Doc. No. 1, Ex. F & G[5].  Following the Borrower's default on the Note, Loan Agreement, and Mortgage, the Guarantors breached their respective Guaranty agreements by failing to pay and perform the Guaranty Obligations, including all outstanding sums stated in the Note.  Doc. No. 1, Ex. F & G.  *See Gottschamer v. August, Thompson, Sherr, Clark & Shafer, P.C.*, 438 So. 2d 408, 409 (Fla. 2d DCA 1983) ("a suit on a guaranty and a foreclosure action are not inconsistent remedies, and therefore pursuit of either of those remedies without satisfaction is not a bar to the pursuit of the other").

Through the July 23, 2009 Notice, Regions Bank sent Borrower and Guarantors written notice of the Default under the Loan Documents and the Guaranties.  Regions Bank declared, among other things, that the total unpaid principal and interest under the Note, and all other amounts due under the Loan Documents, was immediately due and payable, and demanded that the Borrower and the Guarantors pay the full amount due under the Note; Regions Bank would pursue any and all rights and remedies available under the Loan Documents. Doc. No. 1, Ex. K.

Because the Borrower caused or permitted the Default to occur under the Loan Documents, Regions Bank is entitled to its damages under the terms of the Note.  Regions Bank is entitled to a Final Summary Judgment of Damages on Count II of the Complaint as against RA. Investment Holdings, Inc. and Grant-Allan Enterprises, Inc. for the following sums under the Loan Documents,

---

[4]The Guaranties are identical except for the identity of the Guarantor.

[5]Under Section 2 of the Guaranties, the Guarantors waived all defenses to the Guaranties: "The obligations of Guarantor hereunder shall be absolute and unconditional, shall not be subject to any counterclaim, set-off, deduction or defense, and shall remain in full force and effect." Doc. No. 1, Ex. F & G.

including the Note, as of December 12, 2009, as set forth below. Because the Guarantors R. Allan and W. Allan have breached their respective guaranties by failing to pay when due the Guaranty Obligations as owed to Regions Bank under the Note, Regions Bank is entitled to a Final Summary Judgment of Damages on Counts III and IV as set forth below.

| | |
|---|---:|
| Principal Balance | $1,990, 905.84 |
| Interest at the Prime rate of 3.25% (at the rate of $179.73456 per diem) from 7/2/2009 through 12/12/2009[6] | $29,476.47 |
| Interest at the incremental default rate of 5% ($276.5147 per diem) from 8/11/2009 through 12/12/2009 | $34,287.87 |
| Late Fees | $116.54 |
| Costs | $1,757.82 |
| TOTAL: | **$2,056,544.54** |

Regions Bank alleges there is additional interest, charges and other fees and expenses recoverable under the Loan Documents; these total **$1,757.82** which should be included in the judgment. *See* Doc. No. 23. Regions Bank plans to seek attorneys' fees and costs by separate motion after entry of judgment. Doc. No. 22.

Having reviewed the record in the case, it is respectfully **RECOMMENDED** that Regions Bank's Motion for Summary Judgment be **GRANTED** and Final Judgment be entered for Regions Bank on all four Counts of the Verified Complaint (Doc. No. 1). Regions Bank is **DIRECTED** to submit a proposed final judgment with the current calculation of interest.

---

[6]The calculation of interest may need to be adjusted for the additional months that have passed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 12, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy